IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA S. LOUZENSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. |
| ) | |
| REP CORPORATION, ) | |
| ) | JURY TRIAL |
| Defendant. ) | |

**COMPLAINT**

NOW COMES Plaintiff, **JESSICA S. LOUZENSKY** ("**LOUZENSKY**"), by and through her attorney, Michael T. Smith, and in complaining of Defendant **REP CORPORATION, ("REPC")** and in support thereof states as follows:

**COUNT I**
**SEXUAL DISCRIMINATION BASED UPON PREGNANCY**

**NATURE OF ACTION**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Civil Rights Act of 1990, 42 U.S.C.A. §§ 2000 (e) et seq, for the REPC having subjected LOUZENSKY to a discriminating work environment due her sex (female) and her pregnancy.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("Title VII"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practices hereafter alleged to be unlawful were and now being

1

committed in Northern District of Illinois.

4. LOUZENSKY is an adult person and a resident of Bartlett, Cook County, State of Illinois.

5. LOUZENSKY was hired as an employee of REPC in October of 2013, and then wrongfully terminated by REPC on February 17, 2017.

6. At all times relevant, REPC is a foreign corporation organized under the laws of Delaware and currently is doing business in Illinois located in Bartlett, Illinois, and has continuously had and now have more than fifteen (15) employees.

7. At all times relevant herein, REPC has been an employer as defined by the 42 U.S.C.A §2000 et seq, in that Defendant is engaged in an industry affecting commerce and has had 15 or more employees.

8. Except where otherwise specifically alleged, LOUZENSKY was subjected to ongoing discrimination while employed at REPC.

## STATEMENT OF FACTS

9. In February of 2017, LOUZENSKY informed her employer that she was pregnant and would be taking a maternity leave at some point.

10. After LOUZENSKY reported her pregnancy to her employer, she was treated differently by being held to a higher standard of performance than non-pregnant employees who did not engage in protected conduct as set forth herein and then subject to a retaliatory termination on February 17, 2017.

11. By the conduct described above, REPC acting through its agents during the course of and within the scope of their employment, intentionally retaliated and discriminated against LOUZENSKY on the basis of her sex and pregnancy, in violation of the PDA and

Title VII of the Civil Rights Act of 1964, as amended.

12. As a result of the unlawful acts complained of herein, LOUZENSKY has suffered the loss of wages and benefits, humiliation, pain and suffering, future pecuniary losses, inconvenience, and loss of enjoyment of life. As a result of employees of REPC, conduct of sexual harassment, LOUZENSKY suffered a nervous condition.

13. LOUZENSKY filed a discrimination charges against REPC with the Equal Employment Opportunity Commission (EEOC) (See Exhibit A). That charge was timely filed under 42 U.S.C.A. 2000(e).

14. Thereafter the EEOC issued a "right to sue" letter to LOUZENSKY and this current action has been timely commenced (See Exhibit "B").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole by reinstatement and injunctive relief so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For actual damages from wrongful discipline and compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

                                    MARIA LOUZENSKY
                                    BY:/s/ Michael T. Smith

                                              Michael T. Smith
                                            Attorney for Plaintiff

Michael T. Smith 6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099